FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 01 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>    v.<br><br>ANTHONY KEITH SWINT,<br><br>              Defendant - Appellant. | No. 13-10046<br><br>D.C. No. 3:12-cr-08080-PGR-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted March 11, 2014
San Francisco, California

Before: THOMAS, FISHER, and BERZON, Circuit Judges.

Anthony Keith Swint appeals his conviction for two counts of assault on a

federal officer under 18 U.S.C. §§ 7 and 111(a)(1). We have jurisdiction under 28

U.S.C. § 1291. We affirm. Because the parties are familiar with the history of this

case, we need not recount it here.

_____

       *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

The district court did not err in refusing to instruct the jury on self-defense because Swint failed to make out a prima facie case of self-defense. Both Officers JC and DR testified that all of the force exerted upon Swint during his arrest and booking in the Grand Canyon was necessary to meet Swint's resistance. Officer JC testified that he never placed his fingers in Swint's mouth. There was no credible testimony to the contrary, by Swint or anyone else. The videotape of the booking episode does not demonstrate excessive force.

II

The district court did not commit reversible error in its evidentiary rulings. Assuming, without deciding, that the district court erred in admitting the evidence tendered under Federal Rule of Evidence 404(b), *see United States v. Bettencourt*, 614 F.2d 214, 217-18 (9th Cir. 1980), the error was harmless. An erroneous decision to admit evidence – even if it amounted to an abuse of discretion – will be reversed only if it is "more likely than not that there is a fair assurance that the error did not substantially sway the verdict." *United States v. Jimenez*, 214 F.3d 1095, 1099 (9th Cir. 2000) (internal quotation marks omitted). Given the strength of the government's case, and the implausibility of Swint's self-defense claim, we cannot conclude that admission of the 404(b) evidence affected the verdict.

**AFFIRMED.**